UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY JUDICIAL COURT SEIZURES, et al.,<br><br>Defendants. | No. 2:20-cv-01173-JAM-CKD PS<br><br>ORDER<br><br>(ECF No. 2) |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF No. 2.) This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.

4         In order to avoid dismissal for failure to state a claim a complaint must contain more than

5   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

9   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

12  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

13  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

14  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15  U.S. 232, 236 (1974).

16        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

17  unable to determine whether the current action is frivolous or fails to state a claim for relief.

18  Plaintiff raises allegations that are unrelated to one another, and it is unduly burdensome to

19  determine which, if any, state a cognizable claim.  For example, plaintiff, in passing and

20  conclusory fashion, mentions the Fourth Amendment, Second Amendment, and nuisance law.

21  (See ECF No. 1.)  Plaintiff similarly makes factual assertions that do not appear to be relevant to

22  any potential cause of action, such as the cost of the Sherriff's office.  (ECF No. 1 at 6.)  Plaintiff

23  is requesting $150,000,000.00 in damages.  (Id.)

24        The court has determined that the complaint does not contain a short and plain statement

25  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

26  policy, a complaint must give fair notice and state the elements of the claim plainly and

27  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

28  must allege with at least some degree of particularity overt acts which defendants engaged in that

1  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
2  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
3  an amended complaint.
4      If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
5  grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).
6  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation
7  of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
8      The Civil Rights Act under which it appears this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

12  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
13  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
14  Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978);
15  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  "A person 'subjects' another
16  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative
17  act, participates in another's affirmative acts or omits to perform an act which he is legally
18  required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588
19  F.2d 740, 743 (9th Cir.1978).
20      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
21  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
22  complaint be complete in itself without reference to any prior pleading.  This is because, as a
23  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
24  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
25  longer serves any function in the case.  Therefore, in an amended complaint, as in an
26  original complaint, each claim and the involvement of each defendant must be sufficiently
27  alleged.
28  ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 23, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4