UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY JUDICIAL COURT SEIZURES, et al.,<br><br>Defendants. | No. 2:20-cv-01173-JAM-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The court previously granted plaintiff's request to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend. (ECF No. 3.) Plaintiff subsequently filed an amended complaint.[1] (ECF No. 4.)

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

---

[1] Plaintiff filed a document entitled "INTENTIONAL DECEPTIONS BY THE ELDORADO COUNTY DISTRICT ATTORNEYS OFFICE OF JUSTIFIED PROCECUTIONS OF A WRONGFUL INDIVIDUAL, BY FAILURES TO COMPLY TO THE MERRITS OF THE UNITED STATES CONSTITUTIONS 2ND AMENDMENT RIGHTS, TO BEAR ARMS, FOR SIMPLE PROTECTIONS OF ONES SELF." For purposes of these Findings and Recommendations, this court will treat this document as plaintiff's amended complaint.

1

1    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4    490 U.S. at 327.

5    In order to avoid dismissal for failure to state a claim a complaint must contain more than
6    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
7    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
10   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
11   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
12   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
13   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
14   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
15   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
16   U.S. 232, 236 (1974).

17   The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails
18   to state a claim for relief.  From what the court can discern, it appears that plaintiff is asserting
19   that various actors, including the district attorney, officers, and the court itself, violated plaintiff's
20   Second Amendment rights by seizing his firearms.  (See ECF No. 4.)  However, beyond
21   conclusory allegations, including allegations against some individuals who are not named as
22   defendants in this action, there is no factual assertion that would permit the court to draw any
23   inference that any defendant is liable.  See Iqbal, 129 S. Ct. at 1949.  For example, plaintiff
24   asserts that one defendant "ran and unethical process of deceptions [] with jury members," that a
25   hearing was "manipulated" by the same individual, and that she "performed unethical 5th
26   amendment procedures" with a non-defendant."  (ECF No. 1 at 1-2.)  Plaintiff also attaches a
27   complaint he filed in the Superior Court of California, El Dorado County, which appears to be
28   related to this action.  (Id. at 4-6.)  Ultimately, plaintiff's complaint is so conclusory and difficult

1  to decipher that the court finds that plaintiff has failed to state a claim for which relief can be
2  granted.
3        Even if plaintiff included additional factual assertions in his complaint, it appears that he
4  is suing immune defendants.  Plaintiff's assertions are mainly against the prosecuting attorney
5  and the presiding judge (whom he identifies as the court).  The United States Supreme Court has
6  held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune
7  from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).
8  Such absolute immunity applies "even if it leaves 'the genuinely wronged defendant without civil
9  redress against a prosecutor whose malicious and dishonest action deprives him of liberty.'"
10  Ashelman, 793 F.2d at 1075 (quoting Imbler, 424 U.S. at 427).  Regarding the court and the judge
11  that plaintiff names as defendants, while there are exemptions that are not applicable here,
12  "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their
13  courts. . . . Judicial immunity applies 'however erroneous the act may have been, and however
14  injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d
15  1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199–200 (1985)).
16  Accordingly, to the extent the court understands plaintiff's complaint, it is asserting claims
17  against immune defendants, and is therefore subject to dismissal on that ground.
18        If the court finds that a complaint should be dismissed for failure to state a claim, the court
19  has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–
20  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
21  defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130–31; see
22  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
23  leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
24  clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v.
25  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is
26  clear that a complaint cannot be cured by amendment, the court may dismiss without leave to
27  amend. Cato, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of
28  liability either fall outside the limited waiver of sovereign immunity by the United States, or

otherwise are not within the jurisdiction of the federal courts").

The undersigned finds that, as set forth above, plaintiff has failed to state a claim for which relief can be granted. Plaintiff was previously provided an opportunity to amend his complaint. However, plaintiff's amended complaint suffers from the same defects as his original complaint. For example, plaintiff's amended complaint still only includes conclusory statements without factual underpinnings. Similarly, plaintiff's amended complaint names defendants who are immune from suit. Therefore, the undersigned finds that amendment would be futile and therefore recommends dismissal without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 5, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.455.F&R